Manni Li (State Bar No. 273984)
mli@meimark.com
Mei & Mark LLP
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: 888-860-5678 ext. 713
Fax: 310-564-2769

Timothy Wang (*pro hac vice* to be filed)
twang@nilawfirm.com
Ni, Wang & Massand, PLLC
8140 Walnut Hill Lane, Suite 615
Dallas, TX 75231
Tel: 972-331-4603
Fax: 972-314-0900

Attorneys for Plaintiffs, WUHAN ZHIDAN
NETWORK TECHNOLOGY CO. LTD.
and WUHAN LANZHI NETWORK
TECHNOLOGY CO. LTD.

## THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## (WESTERN DIVISION)

| | |
|---|---|
| WUHAN ZHIDAN NETWORK TECHNOLOGY CO. LTD. dba WISE OANNES, a Chinese limited liability company, and WUHAN LANZHI NETWORK TECHNOLOGY CO. LTD. dba MAPLEGRACE, a Chinese limited liability company,<br><br>        *Plaintiffs*,<br>      v.<br>DBEST PRODUCTS, INC., a California corporation,<br><br>        *Defendant*. | Case No. 2:25-cv-02311<br><br>**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND PATENT INVALIDITY**<br><br>**JURY TRIAL DEMAND** |

## ORIGINAL COMPLAINT

Plaintiffs Wuhan Zhadan Network Technology Co. Ltd. dba Wise Annes ("Wise Oannes") and Wuhan Lanzhi Network Technology Co. Ltd. dba MapleGrace ("MapleGrace") (collectively, "Plaintiffs") primarily seek a declaratory judgment of patent non-infringement of certain storage bin products, as defined herein ("Accused Products"), against United States Patent No. 12,103,576 ("Patent").

### INTRODUCTION

1.    Over the past twenty years, online retailing has revolutionized how foreign companies reach American consumers. The rise of electronic marketplaces combined with a dramatic increase in transport speed and improved logistic networks has allowed even relatively small companies to compete globally. These developments have generally increased competition and lowered prices.

2.    The web domain "Amazon.com" hosts the Amazon Marketplace and its millions of product listings; it is United States specific and targets American consumers. For an online retailer to effectively compete in the United States, it must sell on the Amazon Marketplace. According to bigcommerce.com, "Each month more than 197 million people around the world get on their devices and visit Amazon.com. That's more than the entire population of Russia. In 2018, Amazon's share of the US e-commerce market hit 49%... that is more than Amazon's top three

competitors combined, with eBay coming in at 6.6%, Apple at 3% and Walmart at 3.7%."

3.      Nine out of ten American consumers use Amazon to price check products they find elsewhere, and roughly 95 million people have Amazon Prime memberships in the United States. Facing the considerable challenges of managing this sprawling hive of commercial activity, Amazon, Inc. established intellectual property complaint and enforcement systems for Amazon.com primarily designed to protect itself from contributory infringement liability. These include a patent infringement reporting mechanism and a binding pseudo-arbitration evaluation procedure currently known as the Amazon Patent Evaluation Express ("APEX").

4.      In sum, after Amazon receives a patent infringement complaint, it contacts the accused sellers and urges them to negotiate with the patent owner. If the patent owner initiates an APEX proceeding, the seller may opt not to participate, but that refusal means Amazon will remove, *i.e.*, de-list, the accused product from the Amazon Marketplace. In other instances, Amazon unilaterally removes accused listings based solely on an infringement complaint. In these instances, the only internal way to re-activate the listings is to submit evidence demonstrating how there has not been any infringement.

5.      These Amazon pseudo-proceedings are heavily weighted in favor of patent owners. They are not suited to evaluating complex technical issues, and the

speed, limited scope, high stakes, and inability to appeal all place tremendous pressure on accused sellers to capitulate, particularly online retailers deriving most of their revenue from Amazon sales.

6.      It is against this backdrop that Defendant Dbest Products, Inc. ("Defendant") has reported to Amazon meritless "Intellectual Property Violations" against the Accused Products, specifically alleging infringement of the Patent, and resulting in the potential and actual delisting of the Accused Products.

## NATURE OF THE ACTION

7.      This is an action for Declaratory Judgment of patent non-infringement arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq.*

## PARTIES

8.      Plaintiffs are foreign limited liability companies organized under the laws of the People's Republic of China.

9.      Upon information and belief, Defendant is a general stock corporation organized under the laws of the state of California. Defendant is believed to have a principal place of business at 16506 South Avalon Boulevard, Carson, California 90746.

10.      Defendant may be served through its registered agent: Shahen Derderian, 10940 Wilshire Boulevard, Suite 1600, Los Angeles, California 90024.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) because it arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et. seq*. Jurisdiction over the subject matter of this action is further provided under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

12.     The state law claim of tortious interference is properly joined under supplemental jurisdiction, 28 U.S.C. § 1367, because they are so related to the declaratory judgment claim of patent non-infringement that it forms part of the same case or controversy under Article III of the United States Constitution.

13.     This Court may properly exercise general personal jurisdiction over Defendant due at least to Defendant's incorporation in the state of California.

14.     Venue is proper in this District pursuant to 28 U.S.C. 1400(b), as Defendant is deemed to reside in this judicial district.

## THE ACCUSED PRODUCTS

15.     Plaintiffs are e-commerce companies selling storage bins, such as the Accused Products, on Amazon under the storefront name Wise Oannes (Seller ID: A19SSQQJWL8HUU) and MapleGrace (Seller ID: A1N4F5QP0N0QU7).

16.    Plaintiffs' storefronts have been well-received in the marketplace. For example the Wise Oannes storefront has earned a lifetime customer rating of 4.9 out of 5 stars.

17.    The Accused Products at issue are the Wise Oannes and MapleGrace Four Tier Stackable Plastic Storage Bins identified by ASIN Nos. B0CGZ9ZK4Z, B0CZ12CYJB, B0CZ11331V, and B0DCGGNRSQ. The listings for the Accused Products have earned strong customer reviews and some have received the coveted "Amazon Choice" badge for a highly rated, well-priced product available to ship immediately.

18.    The Amazon marketplace constitutes Plaintiff's' primary sales channel into the United States. To remain competitive in the United States market for storage bins, Plaintiffs need the Accused Products listed on the Amazon marketplace.

19.    Defendant's ability to use Amazon infringement complaints as an inequitable injunction significantly harms Plaintiffs business operations. In addition to the direct effects of monetary losses, the delisting of products immediately results in lost sales numbers, product reviews, and product ratings, which are all important factors in determining their Amazon ranking. Amazon ranking is in turn important to product visibility in consumer searches and to Amazon's award of the "Amazon Choice" badge or the "Amazon Bestseller" designations which create a significant sales boost.

## UNITED STATES PATENT NO. 12,103,576

20.     Defendant is the applicant and assignee of record of the Patent, attached as Exhibit A.

21.     The Patent was filed on December 15, 2023. *Id*.

22.     The Patent has a mixed priority date ranging from April 1, 2022 to January 6, 2021. *Id*.

23.     The sole named inventor of the Patent is Richard Elden of Carson, California. *Id*.

24.     The Patent is entitled "Stackable Collapsible Carts" and generally discloses a collapsible cart configured to transition from a closed condition where it may be folded up to an open condition where it may be expanded for use, the collapsible cart including a rigid frame forming a compartment, the rigid frame having a front wall, a rear wall, a right sidewall, a left sidewall, and a bottom wall, the right sidewall and the left sidewall may be configured to fold inwardly in the closed condition. In some embodiments, the right sidewall including a first right panel rotatably coupled to a second right panel. In some embodiments, a retractable handle mechanism is disposed at, within or adjacent the back wall. The retractable handle mechanism includes a hand grip attached to a telescoping assembly. The telescoping assembly is pivotably coupled at a proximal end to the bottom of the rear wall. *Id*.

25.    The Patent was issued on October 1, 2024. *Id*.

26.    The Patent recites three (3) independent claims and fifteen (15) dependent claims. *Id*.

## DEFENDANT

27.    Defendant is a U.S.-based consumer products company specializing in the category of storage and organization. In addition to its domestic success, Defendant sells internationally to more than thirty countries and is a self-styled recognized market leader in multipurpose folding and rolling carts.

28.    On or around December of 2024, Defendant lodged meritless Amazon infringement complaints (Complaint IDs: 16762859081 & 16785671891) (collectively, "Complaints") against Plaintiffs and the Accused Products.

29.    At least some of the Accused Products, specifically ASIN. Nos. B0CZ12CYJB, B0CZ11331V, and B0DCGGNRSQ, were removed or delisted by Amazon in response to the Complaints lodged by Defendant.

## CLAIM I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

30.    Plaintiffs incorporates by reference the preceding paragraphs as though fully set forth herein.

31.    An actual, continuing, and justiciable controversy exists between Plaintiffs and Defendant as to the non-infringement of the Patent by the Accused

Products, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

32.     Pursuant to the Declaratory Judgment Act, Plaintiffs request a judicial determination and declaration that the Accused Products do not infringe and have not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any claim of the Patent.

33.     For example, every claim of the Patent recites a type of *collapsible cart*, *cart*, or *stackable collapsible cart*. According to Google Dictionary by Oxford Languages, a cart is defined as "a strong open vehicle with two or four wheels, typically used for carrying loads and pulled by a horse." Here, the Accused Products are clearly a collapsible storage bin or box, not a collapsible cart or vehicle.

34.     As another example, the Accused Products do not comprise the claimed *first track* of claim 1. In the Patent, the claimed first track (46) is formed along the first right panel (26) and the second right panel (28) extending from a first position (50) on the first right panel to a second position (52) on the second right panel. *See* annotated Figures below. Further, the Accused Products do not comprise the claimed *first slideable member cooperatively engaged to the first track* of claim 1. In the Patent, the claimed slidable member (58) cooperatively engages with the first track (46) to selectively secure or lock the first right panel (26) to the second right panel (28). *See* annotated Figures below.



35.    As further depicted below, the Accused Products employ an entirely distinct way to secure the first right panel to the second right panel, namely a simple magnet. Such a locking means was well known in the prior art. Therefore, it is clear that either the Accused Products do not infringe or the Patent is invalid.



36.     As yet another example, the Accused Products do not comprise the claimed *right sidewall (20) with a third right panel (31)* of claim 11. *See* annotated Figures below. Here, the Accused Products clearly comprise at most only two right panels, not three.





37.    As yet another example, the Accused Products do not comprise the claimed *top cover (62) with an indentation (62) to receive a wheel assembly (66) when stacked* of claim 15. *See* annotated Figures below.



*FIG. 62*

38.     Here, because the Accused Products only have one set of wheels per three boxes, there is no need for a top cover with an indentation to receive a wheel assembly when stacked. *See* below.



39.     Because there is clearly no infringement of any of the three independent claims, there cannot be any infringement of the dependent claims.

### CLAIM II: DECLARATORY JUDGMENT OF INVALIDITY

40.     Plaintiffs incorporates by reference the preceding paragraphs as though fully set forth herein.

41.     An actual, continuing, and justiciable controversy exists between Plaintiffs and Defendant as to the invalidity of the Patent, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

42.     Pursuant to the Declaratory Judgment Act, Plaintiffs request a judicial determination and declaration that the claims of the Patent are invalid for failure to

satisfy the statutory requirements of patentability such as 35 U.S.C. §§ 101, 102, 103, and/or 112.

43.    Specifically, the claims of the Patent are invalid in view of the cited prior art herein. The claims of the Patent are either anticipated or rendered obvious by the prior art cited herein.

44.    All of the prior art references cited herein predate the earliest effective filing date of the Patent.

45.    None of the prior art references cited herein were cited or considered during the examination of the Patent.

46.    For example, United States Patent Publication No. 2009/0145913 to Panosian *et al*. ("Panosian") was filed on December 10, 2007 and published on June 11, 2009. Panosian is directed to a collapsible and expandable rolling storage system. Panosian generally discloses a rolling storage system including a substantially cubical case or housing having top, bottom, side, front and rear walls. The side walls are formed of two semi-panels. A hinge is provided for attaching the side walls to the front and rear walls and the semi-panels of each side wall to each other to selectively move the semi-panels of each side wall from a substantially common plane when the case or housing opens or expanded to substantially parallel adjacent planes when the case or housing is closed or collapsed. The front and rear walls move from remote spaced positions when the case is open or expanded to proximate

positions when the case is closed or collapsed. The top and bottom walls are movable to allow the case to be collapsed. The top wall selectively provides access or closing the case or housing. A rolling member is provided for rolling the case or housing when open or expanded. At least one auxiliary case or housing is provided dimensioned to substantially correspond to dimensions of the case or housing and having a footprint to allow stacking above the top wall. In this way both the case and auxiliary case can be transported together when attached.

47.    As another example, United States Patent Publication No. 2002/0171228 to Kady ("Kady") was filed on July 3, 2022 and published on November 21, 2002. Kady is directed to accessories for a collapsible rolling caddy. Kady generally discloses improvements to a prior art collapsible wheeled caddy are disclosed to enable the caddy to be used for specialized purposes. A hinged lid is attached to the edge of the front panel to close the caddy top while lying proximately the front panel when open. The front panel can be recessed to receive the lid and preferably, arcs in the lid are dimensioned to accommodate the handles. The recess can accommodate one or more storage members, including a storage panel that have been dimensioned to be affixed within the recess. Hangers are configured to interact with the sides of the caddy to accommodate hanging items such as file folders. A back panel can be used containing retaining members to removably affix items to the panel. A stacking caddy is disclosed that has a handle recess and retaining

member dimensioned to receive the wheeled handles. Caddy receiving channels are placed in the bottom of the stacking caddy to receive the edges of the wheeled caddy. A spacer unit can be used to stack two wheeled, or a wheeled and stacking, caddies incorporating wheel wells, alignment prongs and locks to prevent separation and lateral movement. A cover can be provided for one or more of the caddies to protect the contents. A container case can also be affixed to the front or back panels of the caddy.

48.     As yet another example, United States Patent No. 5,289,933 to Streich et al. ("Streich") issued on March 1, 1994. Streich is directed to a collapsible cargo container. Streich generally discloses a collapsible cargo container, particular of rectangular or square cross section, has a bottom element, a top element, and side wall elements, which in the erected state for use are joined together by releasable plug-in connectors located in corner pillars at corner regions of the bottom and top elements. In the collapsed state for being shipped empty, the top element is joined to the bottom element with the same plug-in connectors, and the side wall. At least one door fits flush against adjacent side wall elements inwardly of the pillars, to permit flat folding of the container for shipment when empty.

49.     Panosian, Kady, and/or Streich, either independently or in combination, disclose and/or teach each element of the claims of the Patent.

### CLAIM III: TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

50.    Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

51.    Tortious interference with contractual relations requires: (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal. 5th 1130, 1141 (Cal. 2020).

52.    Here, Plaintiffs each have a contractual relationships with Amazon to list and sell the Accused Products on the Amazon Marketplace. With actual knowledge of the contractual relationship, Defendant lodged baseless infringement Complaints to Amazon against the Accused Products designed to induce Amazon to delist the Accused Products and cause other harm to the listings. Such inequitable contact proximately caused Plaintiffs' injuries by, at the minimum, hurting the ranking of Plaintiffs' listings within the Amazon algorithm and the seller account health scores. In some instances Amazon did in fact remove or delist the listings. Such interference has caused actual damages to Plaintiffs in the form of lost sales.

53.    Plaintiffs are due an amount that will reasonably compensate Plaintiffs for all loss and/or harm suffered by Plaintiffs that was proximately caused by Defendant's tortious conduct.

## DEMAND FOR JURY TRIAL

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment as follows:

A.     Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement Complaints lodged against the Accused Product regarding the Patent, and to refrain from lodging any further infringement complaints regarding the same.

B.      A finding and declaration that the Accused Products do not infringe any claim of the Patent;

C.     A finding and declaration that the claims of the Patent are invalid;

D.     A finding that Defendant tortiously interfered with Plaintiffs' contractual relationship with Amazon by lodging meritless infringement Complaints against the Accused Products and an award of damages thereon;

E.     A declaration that this case is exceptional and an award to Plaintiffs of its costs, expenses, and reasonable attorneys' fees incurred in this action pursuant to 35 U.S.C § 285; and

F.     Such further and additional relief as the Court deems just and proper.

Dated: March 14, 2025

Respectfully submitted,

/S/ Manni Li

Manni Li (State Bar No. 273984)
mli@meimark.com
Mei & Mark LLP
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Telephone: 888-860-5678 ext. 713
Facsimile: 310-564-2769

Timothy Wang (*pro hac vice* to be filed)
twang@nilawfirm.com
Ni, Wang & Massand, PLLC
8140 Walnut Hill Lane, Suite 615
Dallas, TX 75231
Telephone: 972-331-4603
Facsimile: 972-314-0900

Attorneys for Plaintiffs,
WUHAN ZHIDAN NETWORK TECHNOLOGY CO. LTD. and WUHAN LANZHI NETWORK TECHNOLOGY CO. LTD.